IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Russell, | ) | C/A No. 0:15-267-DCN-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden of Broad River Prison, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, James Russell, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 19.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 20.) Russell filed a response in opposition (ECF No. 27), and also filed a motion requesting an evidentiary hearing (ECF No. 29). Having carefully considered the parties' submissions and the record in this case, the court finds that the respondent's motion for summary judgment should be granted and Russell's Petition denied.

## BACKGROUND

Russell was indicted in December 2005 in Greenville County for first-degree criminal sexual conduct with a minor (05-GS-23-10278). (App. at 351-52, ECF No. 18-12 at 176-77.) Russell was represented by Richard H. Warder, Esquire, and on March 5-7, 2007, was tried by a jury and found

PJG

guilty as charged.  (App. at 245-46, ECF No. 18-12 at 70-71.)  The circuit court sentenced Russell

to thirty years' imprisonment.  (App. at 249, ECF No. 18-12 at 74.)

Russell timely appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South

Carolina Commission on Indigent Defense, who filed a brief on Russell's behalf that raised the

following issues:

> I.    Whether the trial judge should have excluded the prior consistent statement
> of the child accuser because it improperly bolstered his testimony.
>
> II.   Whether the trial judge should have excluded the videotape because its
> probative value was substantially outweighed by its prejudicial impact.

(App. at 254, ECF No. 18-12 at 79.)  On May 18, 2009, the South Carolina Court of Appeals

affirmed Russell's conviction and sentence.  (State v. Russell, 679 S.E. 2d 542 (S.C. Ct. App. 2009),

ECF No. 18-1.)  Russell attempted to file a *pro se* petition for rehearing on or about June 8, 2009

(ECF No. 18-3), but the Clerk of Court for the South Carolina Court of Appeals returned Russell's

filing because it was not filed by counsel and because it was not filed within the time limits allowed

by South Carolina Appellate Court Rule 221(a).  (ECF No. 18-4.)  The remittitur was issued on June

4, 2009.[1]  (ECF No. 18-2.)

Russell filed a *pro se* application for post-conviction relief ("PCR") on January 12, 2010 in

which he raised the following issues, as summarized by the respondent:

> 1.    Ineffective assistance of trial counsel:

---

[1] Russell attempted to file a *pro se* petition for a writ of certiorari with the South Carolina
Supreme Court on July 1, 2009 (ECF No. 18-5); however, the Supreme Court issued an order on July
16, 2009 in which it noted that the South Carolina Court of Appeals properly issued the remittitur
on June 4, 2009 pursuant to South Carolina Appellate Court Rule 221, thereby ending appellate
jurisdiction.  (ECF No. 18-6.)  Accordingly, the court stated that no further petition could be
considered, and dismissed Russell's petition.



a.  Failed to challenge the indictment as fatally defective.

b.  Failed to timely notify the State of an alibi defense.

c.  Failed to properly select the jury.

d.  Failed to call Douglas Sellars as a witness.

e.  Failed to depose the victim, the victim's mother, or the victim's grandmother.

f.  Failed to submit as evidence a letter from the victim's mother.

g.  Failed to subpoena the victim's mother.

h.  Failed to challenge the testimony of the victim's grandmother.

i.  Failed to challenge the victim's videotaped statement.

j.  Failed to challenge § 17-23-175 as unconstitutional.

k.  Failed to challenge § 17-23-175 as unfairly applied in this case.

l.  Failed to adequately meet with the Applicant.

m.  Failed to request the videotape be redacted.

n.  Failed to request the videotape be shown at trial prior to the victim's testimony.

o.  Failed to subpoena the victim's teachers or counselors.

p.  Failed to move for reconsideration of the sentence.

q.  Failed to "have the Court flesh out the details of his prior conviction for 3rd degree sexual conduct with a minor in West Virginia, to demonstrate the triviality of that charge."

r.  Failed to "suggest to the trial judge that the charge against [him] had been instigated by the mother and grandmother, for personal reasons of vindictiveness."

s.  Failed to challenge the police reports.

PJG

2.    Ineffective assistance of appellate counsel

    a.    "[R]aised in oral argument the very issue she failed to argue in her brief."

    b.    Failed to inform of the right to petition the Court of Appeals for rehearing.

    c.    Failed to inform of the right to file a petition for writ of certiorari at the Supreme Court.

(Russell v. State of South Carolina, 10-CP-23-285, App. at 296-310, ECF No. 18-12 at 121-35.) On November 9, 2011, the PCR court held an evidentiary hearing at which Russell appeared and testified and was represented by Caroline Horlbeck, Esquire. By order filed December 22, 2011, the PCR court denied and dismissed Russell's PCR application with prejudice. (App. at 343-49, ECF No. 18-12 at 168-74.)

Russell, represented by Appellate Defender Dayne C. Phillips, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for a writ of certiorari on October 1, 2012 that raised the following question:

Did the PCR Court err in finding that trial counsel provided effective assistance of counsel where the trial court granted the state's motion to exclude Petitioner from offering an alibi defense after trial counsel violated the court rule requiring him to timely notify the State of an alibi witness?

(ECF No. 18-7.) On September 24, 2014, the South Carolina Court of Appeals issued an Order denying Russell's petition for a writ of certiorari. (ECF No. 18-9.) The remittitur was issued October 10, 2014. (ECF No. 18-10.)

Russell filed the instant Petition for a writ of habeas corpus on January 16, 2015.[2]  (ECF No. 1.)

## FEDERAL HABEAS ISSUES

Russell's federal Petition for a writ of habeas corpus raises the following issues:

I.      Ineffective Assistance of Trial Counsel

II.     Ineffective Assistance of Appellate Counsel.

        a.      "Raised in oral argument the very issue she failed to raise in her brief."

        b.      Failed to inform of the right to petition the court of appeal for rehearing.

        c.      Failed to inform of right to petition for writ of certiorari at the Supreme Court.

(Pet., ECF No. 1.)  In Russell's "Amendment and Memorandum of Law in Support of § 2254 Petition," he specifies the following grounds:

**Ground One:**  Ineffective Assistance of Counsel

1(A)    The State Court contrarily and unreasonably applied Strickland to counsel's ineffectiveness in failing to timely comply with the alibi defense notice rule under South Carolina Law.

1(B)    The State Court contrarily and unreasonably applied Strickland to counsel's ineffectiveness in failing to investigate and subpoena witness Douglas Sellers to trial and the pretrial hearings.

1(C)    The State Court contrarily []and unreasonably applied Strickland to counsel's ineffectiveness in failing to lay as foundation and submit as evidence letters from the victim's mother.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



1(D)    The State Court contrarily and unreasonably applied <u>Strickland</u> to counsel's ineffectiveness in failing to subpoena the victim's mother, Christina Nix, to trial and the pretrial hearings.

1(E)    The State Court contrarily and unreasonably applied <u>Strickland</u> to counsel's ineffectiveness in failing to effectively challenge the testimony of victim's grandmother . . . on cognizant legal grounds.

1(F)    The State Court contrarily and unreasonably applied <u>Strickland</u> to counsel's ineffectiveness in failing to effectively challenge the victim's videotape statement on cognizant legal grounds.

1(G)    The State Court contrarily and unreasonably applied <u>Strickland</u> to counsel's ineffectiveness in failing to effectively challenge S.C. Code of Law [§] 17-23-175 as unconstitutional on cognizant legal grounds.

1(H)    The State court contrarily and unreasonably applied <u>Strickland</u> to counsel's ineffectiveness in failing to effectively challenge the indictment as fatally defective.

1(I)    The State Court contrarily and unreasonably applied <u>Strickland</u> to counsel's ineffectiveness in failing to properly select the jury.

1(J)    The State Court contrarily and unreasonably applied <u>Strickland</u> to appellate counsel's ineffectiveness in failing to brief the very issue she argued at oral argument before the S.C. Appellate Court.

1(K)    The State Court contrarily and unreasonably applied <u>Strickland</u> to appellate counsel's ineffectiveness in failing to inform and consult the Defendant of his right to petition the S.C. Court of Appeals for rehearing.

1(L)    The State Court contrarily and unreasonably applied <u>Strickland</u> to appellate counsel's ineffectiveness in failing to inform and consult the Defendant of his right to file a petition of writ of certiorari to the S.C. Supreme Court.

1(M)    The State Court contrarily and unreasonably applied <u>Strickland</u> to trial counsel's ineffectiveness in failing to challenge § 17-23-175 as unfairly applied in this case.

1(N)    The State Court contrarily and unreasonably applied <u>Strickland</u> to trial counsel's ineffectiveness in failing to meet with the Defendant.



1(O)    The State Court contrarily and unreasonably applied <u>Strickland</u> to trial counsel's ineffectiveness in failing to request the videotape of child victim be redacted.

1(P)    The State Court contrarily [a]nd unreasonably applied <u>Strickland</u> to trial counsel's ineffectiveness in failing to request videotape of child victim be shown prior to the trial testimony of child victim was presented to the jury.

1(Q)    The State Court contrarily and unreasonably applied <u>Strickland</u> to trial counsel's ineffectiveness in failing to subpoena child victim's school teacher and counselor.

1(R)    The State Court contrarily and unreasonably applied <u>Strickland</u> to trial counsel's ineffectiveness in failing to request a jury instruction on witnesses' bias and witnesses' vindictiveness as underlying motivation for child victim's mother's and grandmother's testimonies.

**Ground Two:** Trial Court should have excluded the videotape because its probative value was substantially outweigh[ed] by its prejudicial impact, and its introduction denied Petitioner's Due Process and right to a fair and impartial trial under the U.S. Constitution.

**Ground Three:** Trial Court should have excluded prior consistent statement of child accuser because it improperly bolstered the child accuser's testimony thereby depriving Petitioner of his Confrontation Clause rights, Due Process rights and right to a fair and impartial trial under the U.S. Constitution.

**Ground Four:** Petitioner's Due Process rights, Confrontation Clause right's and right to a fair impartial trial were violated when the interpreter in this case was not qualified nor certified nor adequate to accurately convey and express the communications of the Petitioner during the court proceeding nor accurately convey and express the communications of the testifying witness to Petitioner during the court proceedings.

(Pet., ECF No. 1-1.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,



Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103).  Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review.  Harrington, 562 U.S. at 101.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).



## C.     Exhaustion Requirements

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.



D.    **Respondent's Motion for Summary Judgment**

1.    **Statute of Limitations**

The respondent argues that Russell's Petition may be untimely under the one-year statutory

deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2244(d)(1).  The one-year time period runs from the latest of "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review." 28 U.S.C. § 2244(d)(1)(A); <u>see</u> <u>Gonzalez v. Thaler</u>, 132 S. Ct. 641 (2012).  Because

Russell filed a direct appeal, his conviction became final on June 2, 2009—the expiration of the time

in which Russell could have timely filed a petition for rehearing with the South Carolina Court of

Appeals.[3]  <u>See</u> Rule 221(a), SCACR (instructing that a petition for rehearing "must be actually

received by the appellate court no later than fifteen (15) days after the filing of the opinion, order,

judgment, or decree of the court"); <u>Gonzalez</u>, 132 S. Ct. at 653-54 ("[B]ecause [petitioner] did not

appeal to the State's highest court, his judgment became final when his time for seeking review with

the State's highest court expired.").  Accordingly, the limitations period began to run on June 3,

2009, and expired June 2, 2010, unless the period was at any time tolled for any properly filed state

PCR application.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>also</u> <u>Hernandez v. Caldwell</u>, 225 F.3d 435, 438-39

(4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period

---

[3] Because Russell did not timely seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court.  <u>Hammond v. Hagan</u>, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); <u>see also</u> 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).



in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Russell filed his state PCR application on January 12, 2010. At that point, 223 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until October 10, 2014, when the South Carolina Court of Appeals issued the remittitur from its order denying Russell's petition for a writ of certiorari.[4] At this time, Russell had 142 days of statutory time remaining, which means that Russell had until March 2, 2015[5] to file a timely federal habeas corpus petition.

Russell's federal Petition was filed on January 16, 2015. Accordingly, Russell's Petition was timely filed within the one-year statute of limitations, and the court will therefore address the merits of Russell's Petition.

### 2.     Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), that (1) his counsel was deficient in his

---

[4] The respondent included a calculation of Russell's PCR action tolling the statutory deadline until the denial of certiorari using the date of September 9, 2014 (<u>see</u> Resp.'s Mem. Supp. Summ. J., ECF No. 18 at 13). The court notes that the South Carolina Court of Appeals' order reflects a date of September 24, 2014. Regardless, the court has used the date that the remittitur was issued out of an abundance of caution. <u>See</u> <u>Gonzalez</u>, 132 S. Ct. at 654 n.10 (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); <u>see also</u> Rule 221(b), SCACR.

[5] March 1, 2015 was a Sunday; therefore Russell had until the following Monday, March 2, 2015 to file his federal habeas petition. <u>See</u> Fed. R. Civ. P. 6(a)(3); <u>see also</u> Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").



representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105.  The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)).  The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted).  Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals,



which may provide reasons or theories that the appellate court could have relied upon in summarily denying Russell's petition. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts.

### 3.    PCR Court's Findings and Decision

As cited above, Russell's PCR application alleged nineteen claims of ineffective assistance of trial counsel and three claims of ineffective assistance of appellate counsel. (Russell v. State of South Carolina, 10-CP-23-285, App. at 296-310, ECF No. 18-12 at 121-35.) Russell, trial counsel, and William Slayton testified at the PCR hearing. (App. at 317-41, ECF No. 18-12 at 142-66.) Because Russell and Slayton are deaf, a sign language interpreter was present at the hearing. In its order denying Russell's PCR application, the court found:

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). In order to prove prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State, 300 S. Ct. 115, 117-18, 386 S.E.2d 624, 625 (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052).

The Applicant stated trial counsel failed to find the victim's mother and discuss the charge with her. The Applicant stated trial counsel failed to introduce into evidence a letter from the victim's mother in which she stated he did not have sex with the victim. The Applicant stated trial counsel failed to contact Douglas



Sellers, who could have been an alibi witness. The Applicant stated he had an alibi defense to this charge but that the trial counsel did not give proper alibi notice to the State.

William Slayton stated the Applicant was in his apartment on July 10, 2005. Though he could not explain why, Slayton stated he was sure of the date. Slayton stated the Applicant was in his apartment from 4:30 p.m. to 9:30 p.m. Slayton later stated the Applicant left his apartment at 11:00 p.m.

Trial counsel testified he filed discovery motions and reviewed the discovery materials with the Applicant. Trial counsel testified the Applicant also relayed his version of events. Trial counsel testified the defense strategy was to both impeach the victim and point out inconsistencies in the State witnesses' testimony regarding the date of the incident. Trial counsel testified he did not recall whether he spoke to either the victim's mother or Douglas Sellers, but that he would have tried to do so if requested. Trial counsel testified he was not aware William Slayton was a potential alibi witness until the Friday before trial. Trial counsel testified he sent alibi notice to the State as soon as he discovered the information, but that the State was successful in having the alibi testimony excluded.

This Court finds the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

This Court finds the Applicant failed to meet his burden of proving trial counsel did not properly present his alibi defense. Trial counsel testified he was not made aware of William Slayton as a potential alibi witness until the Friday before trial and immediately filed the alibi notice. Trial counsel's testimony is the same as the explanation he gave the trial judge on the day of trial.[*] (Trial transcript, pp. 29-30). This Court finds trial counsel's testimony is credible. Regardless, the Applicant's case was not prejudiced by the lack of proper alibi notice. The State, in its request for notice of alibi, listed the date of July 10, 2005 and the time frame from 9:00-10:00 p.m. (Trial transcript, pp. 168-69). Trial counsel proffered Slayton's testimony, which was that the Applicant was at his apartment from 10:00-11:00 p.m. on July 10, 2005 and did not appear to have been in a fight. (Trial transcript, pp. 166-67). As Slayton's testimony was not within the time from requested by the State, he was allowed to testify in the defense case. (Trial transcript, p. 169). Slayton's trial testimony was consistent with his proffered testimony. (Trial transcript, pp. 185-86). Thus, the Applicant did not suffer any prejudice. While Slayton testified at the

---

[*] The trial judge, however, found the notice of an alibi defense was untimely.



PCR hearing, this Court notes he offered conflicting testimony about two separate time frames and finds he was not a credible witness.

This Court finds the Applicant failed to meet his burden of proving trial counsel should have spoken to both Douglas Sellers and the victim's mother. As these alleged witnesses did not testify at the evidentiary hearing, however, any discussion regarding what they would have testified about at trial is purely speculative. See Bannister v. State, 333 S.C. 298, 303, 509 S.E.2d 807, 809 (1998) (the South Carolina Supreme Court "has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial.") (emphasis in original).

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test—that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland—that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

### All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

(App. at 346-48, ECF No. 18-12 at 171-73.)

On petition for writ of certiorari, the following issue was presented:

Did the PCR Court err in finding that trial counsel provided effective assistance of counsel where the trial court granted the state's motion to exclude Petitioner from offering an alibi defense after trial counsel violated the court rule requiring him to timely notify the State of an alibi witness?

(ECF No. 18-7.) The South Carolina Court of Appeals summarily denied Russell's petition. (ECF No. 18-9.)



4.      **Ground One (A)**

Russell first argues that the state court contrarily and unreasonably applied <u>Strickland</u> to counsel's ineffectiveness in failing to timely comply with the alibi defense notice rule under South Carolina Law.  (ECF No. 1-1 at 1.)  After a careful review of the parties' pleadings and the record before the court, the court finds Russell cannot succeed on this claim.

As an initial matter, the PCR court found trial counsel's testimony credible while finding Russell's testimony not credible.  (App. at 347, ECF No. 18-12 at 172.)  Further, the PCR court did not find Slayton a credible witness.  (App. at 347-48, ECF No. 18-12 at 172-73.)  Credibility rulings are entitled to deference by this court, which the petitioner may overcome only by showing clear and convincing evidence to the contrary.  28 USC § 2254(e)(1); <u>Wilson v. Ozmint</u>, 352 F.3d 847, 858-59 (4th Cir. 2003) (quoting <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003)) (internal citations omitted); <u>Cagle v. Branker</u>, 520 F.3d 320, 324 (4th Cir. 2008) (quoting <u>Marshall v. Lonberger</u>, 459 U.S. 422, 434 (1983)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear. . . . Indeed, 'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").

The PCR court determined, and the record supports, that trial counsel was not aware Slayton was a potential alibi witness until the Friday before trial, and as soon as he discovered this information, counsel sent alibi notice to the State.  (App. at 29-30, ECF No. 18-11 at 31-32.)  Moreover, the state permitted Slayton's testimony because his testimony was not within the alibi time frame from 9:00-10:00 p.m. on July 10, 2005.  The PCR court concluded that Russell thus did not suffer prejudice because Slayton's testimony did not provide a complete alibi.  To the extent that



Slayton offered conflicting testimony during the PCR hearing, the court found he was not a credible witness. The court presumes this factual finding to be correct, and Russell has failed to overcome this presumption. See 28 U.S.C. § 2254(e)(1) (noting petitioner must overcome state court factual findings by clear and convincing evidence). Upon careful review of the record, with specific reference to the PCR court's order, the court finds the PCR court's analysis to be reasonable and concludes that Russell cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim, which in this case included the Strickland test, or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Therefore, Russell cannot show "there was no reasonable basis" for the state appellate court to deny relief. Harrington, 532 U.S. at 98. As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Based upon the record presented, the PCR court's rejection of Russell's ineffective assistance of counsel claim for failing to comply with the alibi defense notice rule did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, the respondent's motion for summary judgment should be granted as to Ground One (A).

### 5.    Defaulted Ground One Claims

Respondent contends that the only Ground One claim preserved for review is the alibi notice claim discussed above, since it is the only ineffectiveness claim raised in Ground One that the PCR court addressed and Russell presented on PCR appeal. (ECF No. 18 at 14-17.) The court agrees.



See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, this ground would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Russell attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

Russell does not appear to disagree that his Ground One claims, with the exception of Ground One (A), are procedurally defaulted. However, he argues that the default of Ground One (B)-(R) should be excused pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012). (Petr.'s Resp. Opp'n Summ. J., ECF No. 27 at 9-12.) Specifically, Russell argues that PCR counsel failed to have evidence submitted to prove the substance and merits of Ground One (B)-(D), and that PCR counsel failed to adequately present some issues to the PCR court (Ground One (E)-(R)). (Id.)

Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez the United States Supreme Court established a "limited qualification" to the rule in Coleman.



Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that

> [w]e . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013) (citing Martinez, 132 S. Ct. at 1318-19, 1320-21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective . . ., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Further, to excuse the procedural default of his claims, Russell must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams, 529 U.S. at 391 (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation, i.e. that counsel's errors



were so serious that his performance was below the objective standard of reasonableness guaranteed

by the Sixth Amendment to the United States Constitution and (2) he was prejudiced as a result).

Applying Martinez to the record and Russell's arguments, for the reasons discussed below, the court

concludes that Russell cannot satisfy Martinez's limited exception.

### a.    Ground One (B) - (D)

Russell asserts that the state court contrarily and unreasonably applied Strickland to counsel's

ineffectiveness in failing to investigate and subpoena Doug Sellers (Ground One (B)) and subpoena

the victim's mother (Ground One (D)), and in failing to lay as foundation and submit as evidence

letters from the victim's mother (Ground One (C)).   (ECF No. 18 at 9.)   As discussed above, the

claims set forth under Ground One (B)-(D) were not raised in the PCR appeal and thus are barred

from consideration under Coleman, 501 U.S. at 753-54, unless Russell can qualify under the

Martinez limited exception.   Russell cannot meet this showing.

The default in this case was not caused by counsel on PCR initial review, but rather by

counsel failing to raise the claim in the PCR appeal.   As there is no authority extending Martinez to

the performance of PCR appellate counsel,  Martinez, 132 S. Ct. at 1320, Martinez cannot excuse

Russell's default.  See e.g., Crowe v. Cartledge, No. 9:13-CV-2391-DCN, 2014 WL 2990493 at *6

(D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default.");

Cross v. Stevenson, No. 1:11-CV-02874-RBH, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013)

("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal

establishes cause for a procedural default.").   Moreover, the court finds that Russell's assertion that

PCR counsel's failure to *develop* evidence at the PCR hearing constitutes cause to overcome the

procedural default under Martinez is also without merit.   The court notes that several courts have



indicated that the Supreme Court's holding in Martinez does not allow a petitioner to rely on PCR counsel's failure to develop the factual record as the "cause" of the procedural default. See Lopez v. Ryan, 678 F.3d 1131, 1137 (9th Cir. 2012) (declining to decide whether Martinez should be expanded to apply to PCR counsel's ineffective failure to develop the factual basis of a claim); Whiley v. Mills, 2013 WL 840084 *8 (D. Or. Mar. 4, 2013); Williams v. Mitchell, 2012 WL 4505181, at *6 (N.D. Ohio Sept. 28, 2012) (finding that Martinez does not provide for "claims of ineffective assistance of post-conviction counsel to establish 'cause' for a 'default' of the factual development" of a petitioner's mental capacity in state court); Halvorsen v. Parker, 2012 WL 5866595, at *4 (E.D. Ky. Nov. 19, 2012) (petitioner's argument that collateral-review counsel's failure to develop the record "should serve as cause to excuse the lack of diligence is entirely inconsistent" with the general rule that lack of diligence is attributable to the prisoner or prisoner's trial counsel).

Moreover, Russell has not demonstrated that his argument that PCR counsel failed to develop adequately claims regarding the victim's mother and Sellers could be considered "substantial" under Martinez standards. To succeed, Russell must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams, 529 U.S. at 391. He cannot meet this showing.

Russell submits that the significance of Sellers's testimony is that it establishes that the party at the home of the victim was on July 7, 2005, and not on the date of July 10, 2005. (ECF No. 27 at 11.) Russell argues that the significance of the mother's testimony is that it would establish the



authenticity and the veracity of the email and the letter the victim's mother wrote to him stating that no sexual misconduct occurred. (ECF No. 27 at 11.) Russell testified as to the importance of these two witnesses at the PCR hearing. (App. at 321-22, ECF No. 18-12 at 146-47.) He further testified that trial counsel did not make any efforts to find the witnesses. (Id.) Trial counsel testified that he did not recall whether he spoke to either the victim's mother or Sellers, but that he would have tried to do so if requested. (App. at 328, ECF No. 18-12 at 153.) The PCR court determined Russell failed to meet his burden of proving trial counsel should have spoken to the victim's mother and Sellers. (App. at 348, ECF No. 18-12 at 173.)

Russell testified at trial that he was at the victim's residence attending a party on July 7, 2005, and he denied returning to the home at any later date. (App. at 182, ECF No. 18-12 at 7.) Russell denied sexual misconduct with the child on July 10, 2015. (App. at 178, ECF No. 18-12 at 3.) Russell cannot show that counsel was deficient in failing to subpoena Sellers since his testimony was relevant to July 7, 2005, and thus would not have countered the misconduct charged on July 10, 2005. See Sexton, 679 F.3d at 1157 (petitioner must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter."); see also Williams, 529 U.S. at 391. Russell cannot demonstrate that there is a reasonable probability that he would have received relief on his claims of ineffective assistance of trial counsel in his PCR appeal if the claim had been raised.

Similarly, Russell cannot show that the result of his criminal trial would have been different had the victim's mother been subpoenaed. The victim's mother was not present and her whereabouts were unknown at the time of trial (the victim's grandmother testified that she did not know where



her daughter was but thought she lived in Ohio). (App. at 98, ECF No. 18-11 at 100.) In support of his claim, Russell submits a letter allegedly from the victim's mother, dated October 16, 2005, apologizing to him and stating that her son lied to police. (ECF No. 29-4 at 1.) Russell also submits a February 23, 2006, letter signed by the victim's mother stating "I am writing to you so you can get my handwriting checked and prove that I did not write the other letter that James Russell has." (ECF No. 29-4 at 2.) The accompanying Greenville Crime Laboratory Report dated April 10, 2006 noted some similarities in the letters but found that the limited sample precluded a definite handwriting match. (ECF No. 29-3 at 1.) Russell was tried by jury in March 2007.

Even considering the attached exhibits, it appears the victim's mother would have denied she authored the February 23, 2006 letter. Russell cannot show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that he would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. Accordingly, Russell has neglected to establish sufficient cause and prejudice to excuse the default. Thus, the respondent's motion for summary judgment should be granted as to Ground One (B)-(D).

**b.     Ground One (E)-(R)**

Russell raised the claims presented in his federal habeas petition as Ground One (E)-(R) in his PCR application. (App. at 312, ECF No. 18-12 at 169.) The issues were not presented in any manner at the PCR hearing, nor were the issues specifically addressed in the PCR court's order. The claims were instead dismissed in the order under the "All Other Allegations" catch-all denial section because Russell failed to introduce any evidence supporting his allegations and did not meet his burden of proof. (App. at 348, ECF No. 18-12 at 173.) The claims were not raised in Russell's PCR



appeal and, consequently, the claims are now procedurally barred. Coleman, 501 U.S. 722. Again, citing Martinez, Russell submits that he can overcome the procedural bar because PCR counsel was ineffective in failing to present evidence and develop the claims. (ECF No. 27 at 12.) The court disagrees.

As stated above, there is no authority extending Martinez to the performance of PCR appellate counsel; thus, Martinez cannot excuse Russell's default. Martinez, 132 S. Ct. at 1320. Furthermore, Russell has offered no evidence to support the claims raised in Ground One (E)-(R). Under the first requirement of the Martinez exception, Russell must demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that Russell must demonstrate that the claim has some merit. He has made no such showing. Thus, the limited exception set forth in Martinez does not excuse the procedural default of Ground One (E)-(R) since Russell cannot show he has a substantial claim. See Sexton, 679 F.3d at 1157; see also Williams, 529 U.S. at 391. Consequently, the respondent's motion for summary judgment should be granted as to Ground (One) (E)-(R).

### 6.    Ground Two and Ground Three

In his second ground for relief, Russell argues that the trial court should have excluded the videotape of the victim because its probative value was substantially outweighed by its prejudicial impact. (ECF No. 1-1 at 4.) In his third ground for relief, Russell asserts that the trial court should have excluded the videotape as a prior consistent statement because it improperly bolstered the victim's testimony thereby depriving him of his confrontation clause rights, and due process rights to a fair and impartial trial. (Id.) After a careful review of the parties' pleadings, and the record, the court finds that Russell's Ground Two and Ground Three cannot succeed.



Russell raised both claims on direct appeal.  In denying the claims, the state appellate court

held:

## I.    Improper Bolstering

Russell contends the circuit court erred in admitting Child's videotaped interview because the statements contained in the tape constituted a prior consistent statement that improperly bolstered Child's testimony.  We disagree.

Section 17-23-175(A) of the South Carolina Code (Supp. 2008) permits the admission of out-of-court statements by child sexual abuse victims when the following conditions are met:

> (1) the statement was given in response to questioning conducted during an investigative interview of the child;
> (2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means . . . ;
> (3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and
> (4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of the trustworthiness.

Russell is correct that the admission of the videotape would likely be error in absence of the statute.  Generally, a prior consistent statement is not admissible unless the witness is charged with recent fabrication or improper motive or influence. Rule 801(d)(1)(B), SCRE; State v. Saltz, 346 S.C. 114, 123-24, 551 S.E.2d 240, 245 (2001).  In CSC cases, such hearsay statements are admissible, but only to the extent they are limited to the time and place of the assault.  State v. Barrett, 299 S.C. 485, 486-87, 386 S.E.2d 242, 243 (1989); State v. Jolly, 304 S.C. 34, 37, 402 S.E.2d 895, 897 (Ct. App. 1991).

However, in this case, the legislature has made a specific allowance for these out-of-court statements by child victims provided certain elements are met.  In this case, Russell does not argue the requirements were not met.  In essence, Russell

argues the statute itself, under any circumstances, permits improper corroboration or bolstering in conflict with the South Carolina Rules of Evidence.[*] However, the South Carolina Rules of Evidence expressly acknowledge the superiority of statutes in such cases: "Except as otherwise provided by rule or by statute, [the South Carolina Rules of Evidence] govern proceedings in the courts of South Carolina . . . ." Rule 101, SCRE (emphasis added). Therefore, Russell's argument, although well-made, must fail.

## II.    Prejudicial Versus Probative Analysis

Russell contends Child's videotaped interview was improperly admitted because its probative value was significantly outweighed by its prejudicial effect. We disagree.

The State suggests Russell's argument is not properly preserved. At trial, Russell argued the videotape lacked probative value because it was cumulative of Child's trial testimony. On appeal, Russell also argues the videotape is prejudicial because Child is seen drawing a card for his mother and "playfully interacting with the counselor," thereby stirring the emotions of the jurors. We find Russell's argument regarding Child's interaction with the counselor is not preserved for our review. See State v. Freiburger, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding an issue is not preserved when one ground is raised to the trial court and another ground raised on appeal). Furthermore, while the videotape of Child's interview may have been cumulative to his testimony at trial, it was highly probative to the question of Russell's guilt or innocence. Therefore, we find any prejudice to Russell was outweighed by the probative value of the videotape. Based on the foregoing, the ruling of the circuit court is affirmed.

---

[*] At oral argument, Russell attempted to ground his improper bolstering argument in the constitutional protections afforded by the Sixth Amendment of the United States Constitution. However, no constitutional argument was raised in Russell's appellate brief. The issue is therefore not preserved for our review. See Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of issues on appeal.") S.C. Dep't of Soc. Serv. v. Basnight, 346 S.C. 241, 250, 551 S.E.2d 274, 278 (Ct. App. 2001) ("An appellant may not use oral argument as a vehicle to argue issues not argued in appellant's brief.").

(ECF No. 18-1 at 3-5.)

To the extent that Russell's claim rests on an argument that the trial court erred in admitting

the videotape of the victim under state evidentiary rules, Russell does not raise a cognizable federal



habeas claim.   "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts," Wilson v. Corcoran, 562 U.S. 1, 4 (2010) (emphasis in original), and "it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law").  With regard to Ground Three and Ground Four, "in considering federal habeas corpus issues involving state evidentiary rulings, 'we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.' "  Barbe v. McBride, 521 F.3d 443, 452 (4th Cir. 2008) (quoting Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000)).  Upon review of all of the filings in this matter and the record before the court, the court finds that Russell cannot demonstrate any unreasonable application of clearly established federal law, or that the alleged evidentiary error, if there even was one, was so extreme as to deny Russell a constitutionally fair proceeding.  For the reasons that follow, Russell cannot satisfy the standard in Barbe.

As noted in the Court of Appeals's decision above, the appellate court determined that Russell's attempt to raise his improper bolstering argument as a Sixth Amendment constitutional challenge at oral argument was procedurally defaulted because the issue was not raised in his appellate brief as required under South Carolina Appellate Court Rule 208(b)(1)(B).  Russell's failure to properly present this claim to the state court resulted in the claim being procedurally barred.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").  Russell's



habeas Ground Two and Ground Three make no mention of ineffective assistance of counsel in either the actual grounds or the supporting facts in his Petition. Consequently, Russell cannot make the required showing of cause and prejudice for failing to comply with the state procedural requirements. See Smith v. Murray, 477 U.S. 527, 533 (1986).

Similarly, Russell has not shown that his allegations demonstrate an unreasonable application of clearly established federal law. Russell argues that his right to confrontation was violated when the trial court admitted the videotape. The court disagrees.

The Confrontation Clause guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The principal protection derived from the confrontation right is the right to effective cross-examination of the State's witnesses. See Crawford v. Washington, 541 U.S. 36, 61 (2004). In Crawford, the Supreme Court held that the Sixth Amendment bars the admission of out-of-court statements of declarants who do not testify at trial. Crawford, 541 U.S. at 53-54. Because the child victim testified at trial, and was subject to cross-examination, Russell's right to confrontation was not violated by admission of the child's videotaped statement. See Carson v. Collins, 993 F.2d 461 (5th Cir. 1993) (holding that admission of a videotaped out-of-court interview of a child regarding sexual abuse did not violate Confrontation Clause, when the child also testified at trial); United States v. Townley, 472 F.3d 1267, 1271-72 (10th Cir. 2007) (stating that "[i]n Crawford, the Supreme Court held that the admission at trial of testimonial hearsay would violate the Confrontation Clause *unless the declarant testified*.); see also United States v. Garcia, 447 F.3d 1327, 1335-36 (11th Cir. 2006). Accordingly, Russell is not entitled to relief on this claim, and the respondent's motion for summary judgment should be granted as to Ground Two and Ground Three.



7.     **Ground Four**

In his final ground for relief, Russell argues that his due process rights, Confrontation Clause rights and right to a fair impartial trial were violated when the interpreter in this case was not qualified, nor certified, nor adequate. (ECF No. 1-1 at 4.) The respondent contends that this ground is procedurally barred because it was raised for the first time in Russell's federal habeas petition. (ECF No. 18 at 47-48); see Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). The court agrees. As in Ground One above, Russell now asserts that PCR counsel's failure to raise the issue in his PCR application excuses the default pursuant to Martinez v. Ryan, 132 S. Ct. 1309, 1318. (ECF No. 27 at 9-12.) After a careful review of the record, the court finds that Russell cannot meet the narrow exception carved out in Martinez.

Interpreter for the deaf, Phyllis Petty, was sworn in by the trial court on March 5, 2007. (App. at 10, ECF No. 18-11 at 12.) The record indicates that no objection was made as to her qualification at trial under state law, S.C. Code § 17-1-50. To the extent Russell's Ground Four challenges the state court statute, the ground is not cognizable on habeas review. Estelle, 502 U.S. at 67 ("We have stated many times that 'federal habeas relief does not lie for errors of state law.' ") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). To the extent Russell's Ground Four asserts a constitutional violation, the claim fails. Russell was not denied an interpreter. Rather, he claims he was denied adequate interpretation. There is no record of Russell objecting to the adequacy of the interpreter at trial, or notifying the trial court that the interpreter was inadequate. Russell has not established that, despite being provided with a sign language interpreter throughout trial, he was prejudiced by any alleged failure to further accommodate his hearing loss. Russell does not cite to



any specific examples of misinterpretations by the interpreter, does not provide any proof that the interpreter was not properly certified, and offers only his own self-serving assessment that the interpreter was inadequate. Russell has not shown cause and prejudice for the default as required under Martinez, 132 S. Ct. at 1318, and because the underlying ineffective assistance claim is not a substantial claim, the claim fails.

Finally, to the extent Russell now claims that the sign language interpreter at his PCR hearing was inadequate and that this impacted his ability to communicate with PCR counsel, the claim is procedurally barred because it was not raised in the PCR appeal. To the extent Russell infers that Martinez excuses the default here, he is incorrect. The Martinez exception does not extend to PCR appellate counsel. Martinez, 132 S. Ct. at 1320. Therefore, Russell has not demonstrated cause for not raising Ground Four in his petition for writ of certiorari, and the ground is procedurally defaulted. The respondent's summary judgment should be granted on Ground Four.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 19) be granted and Russell's Petition denied. In light of the court's recommendation, Russell's motion for an evidentiary hearing (ECF No. 29) should be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 16, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).